UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL PAUL,<br><br>   Plaintiff,<br><br> v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,[1]<br><br>   Defendant. | Case No. 1:20-cv-00149-BAM<br><br>**ORDER GRANTING MOTION FOR AUTHORIZATION OF ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)**<br><br>(Doc. 26) |

**I. Introduction**

Jonathan O. Pena ("Counsel"), an attorney with Pena & Bromberg, PC, and counsel for James Michael Paul ("Plaintiff"), filed a motion for authorization of attorneys' fees pursuant to 42 U.S.C. § 406(b) on December 27, 2024.  (Doc. 26.)  Although served with a copy of the motion and notified of the right to object within fourteen days, (*see* Doc. 27), Plaintiff did not file a response.  On January 2, 2025, Defendant Carolyn Colvin, Acting Commissioner of Social Security, filed a response, indicating that the Commissioner "neither supports nor opposes counsel's request for attorney fees in the amount of $19,204.53 under 42 U.S.C. § 406(b)."  (Doc. 28 at 2.)

---

[1] Carolyn Colvin became the Acting Commissioner of Social Security on November 30, 2024.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn Colvin is substituted as the defendant in this suit.

1

1  Having considered the motion and record in this case, the Court will grant the motion for

2  authorization of attorneys' fees in the amount of $19,204.53, subject to an offset of $6,500.00 in

3  fees previously awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

4  **II.   Relevant Background**

5  Plaintiff, through Counsel, filed this action challenging the denial of social security

6  benefits on January 29, 2020.  (Doc. 1.)  On December 21, 2022, the Court issued an order

7  granting the parties' stipulation and remanding the action for further proceedings pursuant to

8  sentence four of 42 U.S.C. § 405(g).  (Doc. 22.)  Judgment was entered in Plaintiff's favor.  (Doc.

9  23.)  On March 19, 2021, the Court approved the parties' stipulation to award Plaintiff attorney

10  fees of $6,500.00 pursuant to EAJA. (Doc. 25.)

11  On remand, an administrative law judge issued a favorable decision awarding benefits to

12  Plaintiff.  (Doc. 26 at 3; Doc. 26-1.)  On October 28, 2022, the Commissioner issued a Notice of

13  Award indicating that the Social Security Administration withheld $29,204.50 from Plaintiff's

14  past-due benefits to pay his representative.  (Doc. 26-1 at 7.)  The Commissioner calculated total

15  past-due benefits as $116,818.00.  (*Id.*)

16  On December 27, 2024, the Commissioner sent Counsel a copy of the Notice of Award

17  and a letter dated October 22, 2024.  The letter indicated that the Social Security Administration

18  was withholding $19,204.53, which represented the balance of 25 percent of the past-due

19  benefits.  (Doc. 26-1 at 2.)  Counsel reportedly did not receive the October 22, 2024 letter, stating

20  the letter "was sent to the wrong office as Counsel has moved."  (Doc. 26 at 3.)

21  Counsel now seeks authorization of attorneys' fees in the total amount of $19,204.53,

22  which is less than 25 percent of Plaintiff's past due benefits.  Counsel previously was awarded

23  $6,500.00 in EAJA fees.  (Doc. 25; Doc. 26 at 2.)  Counsel intends to refund to Plaintiff the

24  amount awarded in EAJA fees.  (Doc. 26 at 6.)  Plaintiff agreed to pay Counsel a contingent fee

25  of 25% of any past due benefits obtained for work in federal court.  (Doc. 26 at 5; Doc. 26-2 at 1-

26  2. .)

27  Counsel contends that the requested fee amount, which is approximately 16.4% of

28  withheld past-due benefits, is reasonable considering the nature of the representation and the

2

results achieved. As noted, Plaintiff did not file any objection to Counsel's request.

## II.     Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants in court). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Gisbrecht*, supra, 535 U.S. at 807. "[A]n award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA." *Jones v. Comm'r of Soc. Sec.,* No. 1:17-cv-00846-SAB, 2021 WL 84401, at *2 (E.D. Cal. Jan. 11, 2021) (citing *Gisbrecht*, 535 U.S. at 796).

## III.    Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Counsel's requested fees to be reasonable. In support of the motion for authorization of attorneys' fees under 42 U.S.C. § 406(b), Counsel attached the contingent fee agreement which

1  provided for a contingent fee of 25% of the past-due benefits.  (Doc. 26-2.)  Counsel accordingly
2  accepted the risk of loss in the representation.  As a result of Plaintiff's counsel's work before the
3  Court, including an opening brief, the matter was remanded for further proceedings and the
4  Commissioner ultimately awarded Plaintiff benefits.  Counsel provided a copy of the instant
5  motion for authorization of attorneys' fees to Plaintiff. (Doc. 27.)  Although served with the
6  motion, Plaintiff did not timely challenge the requested fees, which attests to their reasonableness.

7  Additionally, there is no indication Plaintiff's counsel performed in a substandard manner
8  or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. Plaintiff
9  was able to secure a remand for further proceedings at the district court level and a subsequent
10  award of past-due benefits.  There is no indication that the fees requested are excessively large in
11  relation to the benefits received.  Plaintiff's counsel expended a total of 41.5 hours while
12  representing Plaintiff before the district court. (Doc. 26 at 9; Doc. 26-3 (itemization of attorney
13  time).)  The effective hourly rate requested equals $462.75 per hour.  (Doc. 26 at 5.)  This hourly
14  rate is not excessive when compared to what district courts in the Ninth Circuit have approved in
15  cases involving social security contingency fee arrangements.  *See Garcia v. O'Malley*, No. 1:20-
16  cv-01366-SKO, 2024 WL 1118782, at *3 (E.D. Cal. Mar. 14, 2024) (collecting cases and finding
17  effective hourly rate of $2,307.69 per hour not excessive).

18  Accordingly, the Court finds the fees sought by Counsel are reasonable in light of the
19  results achieved in this action.  An award of attorney's fees pursuant to section 406(b) in the
20  amount of $19,204.53 is appropriate, but must be offset by any prior award of attorneys' fees
21  granted under the EAJA.  *Gisbrecht*, 535 U.S. at 796.  As Plaintiff was previously awarded
22  $6,500.00 in fees pursuant to EAJA, Counsel shall refund the amount of $6,500.00 to Plaintiff.

23  **IV.     Conclusion and Order**
24  Based upon the foregoing, the Court ORDERS:
25  1.     Counsel's motion for authorization of attorneys' fees under 42 U.S.C. § 406(b)
26  (Doc. 26) is GRANTED.
27  2.     The Court approves an attorney fee award of $19,204.53 pursuant to 42 U.S.C. §
28  406(b), subject to an offset of the prior EAJA fee award received by Plaintiff's counsel.

4

3. Plaintiff's counsel is ordered to refund the amount of $6,500.00 to Plaintiff as an offset for fees previously awarded and received pursuant to the EAJA.

IT IS SO ORDERED.

Dated: **January 23, 2025**                /s/ Barbara A. McAuliffe
                                                                    UNITED STATES MAGISTRATE JUDGE